UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, # 327117 ) | C/A No. 4:08-2197-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Sgt. E. Quattlebaum; ) | |
| Major Jackson, and ) | |
| South Carolina Department of Corrections (individually ) | |
| and official capacity), ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

      This is a civil rights case filed by a state prisoner currently housed within the South Carolina Department of Corrections (SCDC) prison system. Along with his Complaint (Entry 1), Plaintiff filed a separate Motion for Temporary Restraining Order (TRO Motion). (Entry 3). The TRO Motion is presently before the undersigned United States Magistrate Judge for a recommendation on referral from the assigned United States District Judge, Margaret B. Seymour. The Complaint filed in this case contains allegations about allegedly unsafe conditions of confinement, retaliatory disciplinary proceedings, and denial of access to court; however, the TRO Motion only involves Plaintiff's access-to-court assertions: allegedly threatened application of an alleged SCDC "policy" relating to the storage of legal materials by prisoners (the one-legal-box policy) and allegedly excessively restrictive conditions placed on prisoners' use of the law library.

      According to Plaintiff, SCDC officers threatened to destroy all of his legal materials that do not fit into one box even though Plaintiff brought nine boxes of legal materials with him when he entered the SCDC prison system. Plaintiff claims that he needs *all* of his legal materials in order to prosecute several civil cases that he has filed *pro se* and to pursue appeals and post-conviction relief proceedings relative to

his Edgefield County criminal conviction. Plaintiff also asserts that the law library facilities are inadequate and that the regulations on usage of the library violate his federal constitutional right of access to courts.

Although Petitioner references some problems he allegedly had while attempting to pursue certain *pro se* litigation in Georgia while he was incarcerated at the Edgefield County Detention Center before his transfer to SCDC, he does not allege anywhere in his TRO Motion that he suffered "an actual injury, such as the loss or rejection of a non-frivolous legal claim regarding his sentence or conditions of confinement, "*Lewis v. Casey*, 518 U.S. 343, 351-55 (1977), as a result of the alleged SCDC one-legal-box policy or the restrictions placed on his library usage. Rather, Plaintiff asserts only that certain actions he aspires to take in his currently pending *pro se* civil cases -- such as file amendments, undertake discovery, and conduct further research -- will be "irreparably harmed" if the alleged one-box policy is applied to him and if he is not allowed freer access to the law library.

It is well settled that a TRO is extraordinary relief, and it has been consistently held that a party seeking a TRO must show the following in order to establish a prima facie right to such relief:

> *1. a substantial likelihood that the movant eventually will prevail on the merits*; 2. that the movant will suffer irreparable injury unless the injunction issues; 3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; *and* 4. that the temporary restraining order, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)(emphasis added)(citing *Sierra Club v. Hathaway*, 579 F.2d 1162 (9th Cir. 1978); *Hardin v. Houston Chronicle Pub. Co.*, 572 F.2d 1106 (5th Cir. 1978) 7 *Moore's Federal Practice* § 65.04(1); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948; North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979) See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977).. All four showings must be made by Plaintiff before his Motion may be granted. However, preliminary relief directed to running

a state prison should be granted only in compelling circumstances. <u>Taylor v. Freeman</u>, 34 F.3d 266, 269 (4th Cir. 1994).

As stated above, the only substantial allegations contained in Plaintiff's Motion about any "injury" or "prejudice" arising from the disputed policies are that he fears that he will be hampered from filing pleading amendments, participating in discovery, and conducting further research in connection with currently pending civil cases and possible appellate/PCR proceedings if the SCDC one-legal-box policy and the restrictive library usage regulations are enforced against him. He does not state that he has missed a filing deadline in any of his civil or appellate cases, nor does he claim that any case he filed since arriving at SCDC has been dismissed because of late or inadequate filings caused by the SCDC policies. Simply stated, Plaintiff fails to show any type of compensable injury that he will suffer or has suffered because of the SCDC library or one-legal-box policies. *See Wesley v. Vaughn*, No. CIV.A. 99-1228, 2001 WL 1391254 (E.D. Pa. Nov. 7, 2001)(denying TRO for lack of compensable injury shown re: policy limiting to 1-box in cell at a time); *see also Rauso v. Vaughn*, No. CIV. A. 96-6977, 2000 WL 873285 (E.D. Pa. 2000).

In absence of allegations showing a personal, actual unconstitutional injury caused by application of the alleged SCDC one-legal-box and/or the library usage policies, Plaintiff fails to adequately show "likelihood of success on the merits" of his access-to-court claims, and thus fails to satisfy the first prong of the requirements for issuance of a TRO. Accordingly, it is recommended that the District Court deny Petitioner's TRO Motion.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 8, 2008
Florence, South Carolina