# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Steven Louis Barnes, ) | Civil Action No. 4:08-2197-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Sgt. E. Quattlebaum; Major ) | |
| Jackson, and South Carolina ) | |
| Department of Corrections ) | |
| (individually and official capacity), ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Steven Louis Barnes, a pro se prisoner, filed this action alleging violations pursuant to 42 U.S.C. § 1983 and a separate request for a temporary restraining order (TRO) on June 12, 2007. (Entry 1, 2). Plaintiff is currently housed in the South Carolina Department of Corrections (SCDC) prison system.

Plaintiff's complaint alleges that SCDC policy allows inmates to have only one box of legal materials and that SCDC officials have informed him that legal materials that do not fit in one box will have to be sent home or destroyed. Plaintiff contends that he has accumulated nine boxes of legal materials due to the number of civil cases he has pending and that enforcement of this policy against him would place a burden on his ability to undertake certain future litigation actions.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge filed a Report and Recommendation on July 8, 2008. The Magistrate Judge recommended that Plaintiff's motion for TRO should be denied because Plaintiff failed to alleged "personal, actual

unconstitutional injury" caused by the application of the SCDC one-legal-box. Accordingly, the Magistrate Judge recommended finding that Plaintiff failed to show likelihood of success on the merits on his access-to-courts claim. Plaintiff filed objections to the Magistrate Judge's Report on August 20, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## I. DISCUSSION

A temporary restraining order is extraordinary relief. In determining whether to grant injunctive relief prior to trial, a court must consider four factors: (1) the plaintiff's likelihood of success in the underlying dispute between the parties; (2) whether the plaintiff will suffer irreparable injury if the injunction is not issued; (3) the injury to the defendant if the injunction is issued; and (4) the public interest. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002).

Plaintiff has not offered any specific factual objections to the Magistrate Judge's conclusions. Plaintiff generally asserts that the Magistrate Judge made erroneous findings of fact, errant conclusions of law, and that the law was improperly applied to the facts. (Entry 19, at 1). Plaintiff also reasserts that the loss of his legal materials would impose an atypical hardship to the pursuit of his civil cases. (Entry 19, at 5). The court is not obligated to conduct a *de novo* review of the

Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs with the Magistrate Judge that Plaintiff has failed to demonstrate actual injury as required by Lewis v. Casey, 518 U.S. 343 (1977). Therefore, Plaintiff fails on the first prong of showing likelihood of success on the merits.

## II. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation. Plaintiff's motion for TRO (Entry 2) is **denied**. Pending motions (Entries 15, 16, 17, and 18) are also **denied** as moot. This case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED.**

                                          s/Margaret B. Seymour
                                          Margaret B. Seymour
                                          United States District Judge

March 12, 2009
Columbia, South Carolina