UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Steven Louis Barnes, #327117,       )
                                    )   C/A No. 4:08-2197-MBS
            Plaintiff,              )
                                    )
    vs.                             )
                                    )       **O R D E R**
Sergeant E. Quattlebaum, Major Jackson,  )
South Carolina Department of Corrections, )
                                    )
            Defendants.             )
_____)

Plaintiff Steven Louis Barnes is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Lieber Correctional Institution in Ridgeville, South Carolina. At the time of the underlying events, Plaintiff had arrived at Kirkland Reception and Evaluation Center ("Kirkland R&E") in order to be processed into SCDC. Defendants Quattlebaum and Jackson are employed at Kirkland R&E. Plaintiff, appearing pro se, filed a complaint on June 12, 2008, alleging that his constitutional rights had been violated in various respects. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for preliminary injunction filed by Plaintiff on January 15, 2009 (Entry 39). Defendants filed a response in opposition to Plaintiff's motion on February 3, 2009. Also before the court is motion for summary judgment filed by Defendants on January 19, 2009 (Entry 40). Among other things, Defendants assert that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). By order filed January 20, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and possible the consequences of failing to respond adequately. Plaintiff filed no response to Defendants' motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge issued a Report and Recommendation on August 10, 2009, in which he recommended that Plaintiff's motion for preliminary injunction be denied, and that Defendants' motion for summary judgment be granted without prejudice for failure to exhaust administrative remedies. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference.[1] Accordingly, Plaintiff's motion for preliminary injunction (Entry 39) is **denied**.

---

[1] The Magistrate Judge analyzed Plaintiff's right to a preliminary junction under the test set forth in Blackwelder Furniture Co. v. Sielig Manuf. Co., 550 F.2d 189, 196 (4th Cir. 1977). The Court of Appeals for the Fourth Circuit recently overturned the Blackwelder test in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir. 2009). The test articulated in Real Truth requires the plaintiff to establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Id. at 346 (citing Winter v. Nat'l Resources Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008)). The court agrees that Plaintiff has failed to show a right to relief under Blackwelder, and thus cannot meet the more onerous Real Truth test.

2

Defendants' motion for summary judgment (Entry 40) is **granted** without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). All remaining motions are **denied as moot**.

  **IT IS SO ORDERED**.

       /s/ Margaret B. Seymour    
       United States District Judge

Columbia, South Carolina

September 28, 2009.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3